UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-10782-RGS

WESTLEY CAIN

v.

SEAN MEDEIROS

MEMORANDUM OF DECISION AND ORDER ON
RESPONDENT'S MOTION TO DISMISS

August 17, 2018

STEARNS, D.J.

On January 20, 2015, after Westley Cain had been convicted of two counts of rape, the Massachusetts Superior Court sentenced him to concurrent state prison terms of twenty years to life.[1] Cain's subsequent appeals to the Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court (SJC) were rejected. On April 23, 2018, Cain – now an inmate at MCI-Norfolk – filed this petition for writ of habeas corpus against MCI-Norfolk Superintendent Sean Medeiros. Before the court is Medeiros's motion to dismiss.

---

[1] The sentence was enhanced because of Cain's status as a habitual offender.

## BACKGROUND

In September of 2013, "a Suffolk County grand jury returned indictments charging [Cain] with: Three counts of aggravated rape . . . with subsequent offense and habitual offender . . . sentence enhancements; assault and battery with a dangerous weapon . . . and assault with a dangerous weapon." Resp't's Mot., Dkt. #21 at 1. On December 22, 2014, a jury in Suffolk Superior Court convicted Cain "of two counts of the lesser included offense of rape." *Id.* Cain was subsequently "convicted of the two charged sentence enhancements" by the same jury and sentenced to "concurrent state prison terms totaling twenty years to life." *Id.* at 2.

Cain appealed his convictions to the Massachusetts Appeals Court on four grounds:

> (1) The Superior Court erred in not dismissing the indictments, in view of testimony before the grand jury that the petitioner was a "known rapist" who had done "time;" (2) the Superior Court erred in instructing the petit jury on the lesser included offense of rape, on the jury's request, after it had begun to deliberate; (3) the prosecutor made improper arguments in closing; and (4) a witness at the sentence enhancement trial made an in-court identification of the petitioner that should have been excluded pursuant to state law.

*Id.* In affirming Cain's convictions, the Appeals Court considered and rejected each of the four claims. *Id.*

Cain then sought relief from the SJC. *Id.* His application for leave to obtain further appellate review (ALOFAR) focused on whether the grand jury testimony "so impair[ed] the integrity of the proceeding that it demanded dismissal of the resulting indictments." *Id.* His brief cited no federal cases or constitutional provisions. In his "Conclusion" section of the ALOFAR, Cain asked, without elaboration, that

> [i]f further appellate review is granted, [the petitioner] also requests that this Court [the SJC] review the additional issues that he raised on appeal: 1) Whether the trial judge violated [the petitioner's] constitutional right to present a defense when he instructed the jury on the lesser included offense after the jury began its deliberations and in response to its question?; 2) Whether, by arguing that the complainant was credible because she went through the ordeal of participating in the investigation and testifying at trial, the prosecutor improperly vouched for her credibility?; 3) Whether during the trial on the sentencing enhancement charges, the booking officer's in-court identification of the [petitioner] should have been excluded pursuant to *Commonwealth v. Crayton*?

*Id.* at 2-3. The SJC denied the ALOFAR on July 27, 2017. *Id.* at 3. On April 23, 2018, Cain filed this petition for writ of habeas corpus, seeking review of "federalized" iterations "of his appellate claims concerning the grand jury testimony, the petit jury instructions, and the prosecutor's closing argument." *Id.*

DISCUSSION

Superintendent Medeiros contends that Cain's habeas petition should be dismissed because of his failure to present his federal claims to either the Appeals Court or the SJC for review. Persons "in custody in violation of the Constitution or laws or treaties of the United States" may challenge their detention by way of a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). However, the writ "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." *Id.* § 2254(b)(1)(A).[2] "A habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of this federal claim." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997).

A Massachusetts petitioner must "fairly present[] the federal claim to the SJC within 'the four corners'" of an "application for further judicial review" in order to exhaust his administrative remedies. *Id.* (quoting *Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 820 (1st Cir. 1988)). As a general matter, "a state prisoner does not 'fairly present' a claim" to the SJC if the court "must

---

[2] Exceptions to the state exhaustion requirement exist where "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B). Neither exception applies here.

read beyond the [application] that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Moreover, the court's "calculation of the probability that a reasonable jurist would have discerned the federal question" must be informed by "specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like." *Adelson*, 131 F.3d at 262 (internal citation omitted). Needless to say, a claim that was never presented at all could hardly be said to have been "fairly and recognizably presented." *Id.*

Cain's first claim, of improper testimony before the grand jury in contravention of the Fifth and Fourteenth Amendments, was addressed in purely state-law terms in his ALOFAR. At no point did Cain cite any federal precedent or federal constitutional right.

Cain's second and third claims, now invoking the Sixth and Fourteenth Amendments, are equally lacking. Offered as an afterthought in the Conclusion to his ALOFAR, Cain's barebones questions would have required the SJC to "read beyond" the application to determine whether a federal question lurked in the interstices of the plea. *Baldwin*, 541 U.S. at 32. A

"passing reference" to an unidentified constitutional issue does not "preserve it for habeas review." *Fortini v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001).

ORDER

For the foregoing reasons, Medeiros's motion to dismiss is <u>ALLOWED</u>. The Clerk will enter judgment and close the case. Petitioner Cain is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of this Order dismissing the petitioner for writ of habeas corpus is <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting an appeal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE